NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



FLORDILIA SUCELY MIRANDA-REYES; S.P.M.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 24-7511

Agency Nos.
A203-488-443
A203-488-444

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026**
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Petitioners Flordilia Sucely Miranda Reyes and her minor daughter S.P.M.,

citizens and natives of Guatemala, petition for review of a decision of the Board of

Immigration Appeals dismissing their appeal from an order of an immigration

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for substantial evidence the determination that an applicant has failed to establish eligibility for asylum, withholding of removal, and CAT relief. *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). Under that standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the Board's denial of asylum and withholding of removal. For both asylum and withholding, a petitioner must establish a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively reasonable fear of future harm. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). The record shows that gang members repeatedly threatened and extorted petitioners because of unpaid debts owed by Miranda Reyes's deceased grandfather. Substantial evidence therefore supports the agency's finding that those gang members were motivated only by an economic interest rather than a protected ground. *See Zetino v. Holder*,

---

[1] Miranda Reyes and her minor daughter filed separate applications for asylum, withholding of removal, and CAT protection, but both applications are based on the same factual allegations. Miranda Reyes's daughter is also listed as a derivative applicant on her mother's asylum application.

622 F.3d 1007, 1016 (9th Cir. 2010) ("[D]esire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. Substantial evidence also supports the agency's denial of CAT relief. To obtain relief under the CAT, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), and that the "torture [would] be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," *Rodriguez-Zuniga*, 69 F.4th at 1023. Although Miranda Reyes testified that she was scratched and hit at times when threatened by the gang members, "[t]orture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." *Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001) (quoting 8 C.F.R. § 208.18(a)(2)). The record thus does not compel the conclusion that petitioners were tortured in the past or will face a particularized likelihood of future torture if removed to Guatemala. There is also no evidence that public officials were involved in the gang members' harassment of petitioners, and evidence of the government's "general ineffectiveness" at investigating and preventing crime is insufficient to establish governmental acquiescence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

24-7511

**PETITION DENIED.**